I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT
ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: July 11, 2019

Deputy Clerk: T. Steele

Mailed to Plaintiff w/forms

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH TOWNSEND, <br><br> Plaintiff, <br><br> v. <br><br> FRANK PARK, et al., <br><br> Defendants. | Case No. CV 19-00673-AG (DFM) <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I. BACKGROUND

In January 2019, state prisoner Joseph Townsend ("Plaintiff") filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. See Dkt. 1 ("Complaint"). After the Court dismissed the Complaint with leave to amend, see Dkt. 7, Plaintiff filed the operative First Amended Complaint ("FAC"), see Dkt. 8. The FAC names only Frank Park as defendant in his individual and official capacity. See FAC at 3. The FAC alleges that Park is a deputy at the Los Angeles County Sheriff's Department ("LASD"). See id. at 3.

Under 28 U.S.C. § 1915(e)(2), the Court must screen the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant who is immune from such relief. As discussed below, the Complaint suffers from deficiencies and must be dismissed.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arise out of his pretrial confinement at the Twin Towers Correctional Facility in Los Angeles, California. See FAC at 2, 5. Plaintiff alleges that he was classified as security risk K-10, which prohibited him from being near other inmates without a deputy present. See id. at 5. Plaintiff was also in protective custody because he had left a white supremacist gang, which presumably placed him at a greater risk of violence. See id. at 5-6. According to Plaintiff, Park continuously failed to enforce LASD policy requiring a deputy to be present when an inmate's cell is opened. See id. at 5.

On July 28, 2017, Park removed Plaintiff from his cell and secured him to a stool by handcuffing one of his hands to a chain. See id. Park left Plaintiff secured to the stool and entered an office approximately ten feet from Plaintiff. See id. at 5-6. The office had a large window that provided the occupants of the office a clear view of Plaintiff as well as the cell of fellow inmate Sam Jones. See id. at 6. While Park was in the office, an unidentified individual opened Jones's cell without being accompanied by a deputy.[1] See id. Jones then walked through the corridor in plain view of the office window and attacked Plaintiff causing a displaced pupil, displaced iris, two fractured orbital bones, a fractured nose, and internal bleeding of the eye. See id. at 7, 9. Plaintiff now suffers from nightmares, flashbacks, and constant pain in his face as a result of the attack. See id. at 9.

Plaintiff alleges that Park intentionally remained in the office in order to prolong the attack. See id. at 7. In March 2017, Plaintiff assaulted a deputy

---

[1] Based on Plaintiff's statement in the original Complaint that Nurse Doe had released Jones from his cell, see Complaint at 5, and his statement in the FAC that the nurses' keys were taken away following this incident, see FAC at 7, the Court infers that no deputy was present when Jones was released from his cell.

who was a friend of Park. Plaintiff believes that Park's inaction constituted retaliation for this earlier assault. See id. at 7-8. Plaintiff seeks compensatory and punitive damages. See id. at 9.

### III. STANDARD OF REVIEW

Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (as amended). The complaint is construed in the light most favorable to Plaintiff and all material allegations are taken to be true. See Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. Before dismissing a pro se civil rights complaint for failure to state a claim, the district court "must give the plaintiff a statement of the complaint's deficiencies." Id.

## IV. DISCUSSION

### A. Official Capacity Claims

Plaintiff names Park in both his individual and official capacity. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. As a sheriff's deputy for LASD, Park is an officer or agent of the County of Los Angeles ("County"). Therefore, all of Plaintiff's claims against Park in his official capacity are tantamount to claims against the County.

A local government entity such as the County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Rather, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. Thus, the County may not be held liable for the alleged actions of its agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Id. at 690-91.

Plaintiff's allegations fail to state a claim under Monell. Plaintiff does not identify any specific policy statements or regulations of the County, or any officially adopted or promulgated decisions, the execution of which allowed

for the attack to occur. To the contrary, Plaintiff states there is a policy in place requiring a deputy to be present whenever an inmate is removed from his cell, a policy presumably intended to prevent exactly the type of harm he suffered.

Despite alleging that Park continuously failed to enforce this policy, Plaintiff does not establish that this failure to enforce was pervasive throughout the jail such that it amounted to a custom. See FAC at 5-6; see also Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). Moreover, Petitioner's generalized statement that LASD "is known to allow such incidents [of inmate assault] to occur as retaliation for any crimes committed [against] fellow officers" does not permit the Court to draw the reasonable inference that the County has a "permanent and well settled" custom of placing inmates in danger. FAC at 8; Monell, 436 U.S. at 691 (citation omitted); see also Trevino, 99 F.3d at 918. Plaintiff's claims against Park in his official capacity are therefore defective.

**B.** **Failure-to-Protect Claim**

As a pretrial detainee, Plaintiff may bring a failure-to-protect claim against Park under the Fourteenth Amendment's Due Process Clause. See Castro v. Cty. of L.A., 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). The elements of a pretrial detainee's failure-to-protect claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct

obvious; and (4) by not taking such measures, the defendant caused plaintiff's injuries. See id. at 1071. The third element requires that the defendant's conduct be "objectively unreasonable," reflecting a state of mind "akin to reckless disregard." Id.

Construing the facts in the light most favorable to Plaintiff, the FAC raises a cognizable failure-to-protect claim. Park made the intentional decision to secure Plaintiff in a common area and leave him unattended. See FAC at 6. Presumably, Park knew—or should have known—that Plaintiff had protected status, which placed him at substantial risk of being attacked by another inmate. See id. at 5-6. It is conceivable that a reasonable deputy in Park's position would have recognized the high degree of risk of allowing a protected-status inmate to remain unescorted in a common area. This risk could have been easily mitigated by ensuring there was at least one deputy in the vicinity of Plaintiff and Jones.

Furthermore, even if it was not objectively unreasonable for Park to leave Plaintiff unattended, Park's failure to immediately intervene once the attack began placed Plaintiff at substantial risk of suffering serious harm and was objectively unreasonable. Either by failing to mitigate the obvious risk of allowing Plaintiff to remain unaccompanied in the common area, or by failing to intervene in the attack on Plaintiff, Park arguably acted in an objectively unreasonable manner according to the FAC and can be said to have caused Plaintiff's injury. See Castro, 833 F.3d at 1071.

**C.  Retaliation Claim**

Plaintiff's allegations do not support a viable First Amendment retaliation claim because Plaintiff has not alleged that Park took an adverse action against him because of Plaintiff's protected conduct, thereby chilling his First Amendment rights. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (setting forth elements of retaliation claim). Plaintiff contends Park

intentionally allowed the attack to occur as retaliation for his battery of another deputy. See FAC at 7-8. Because battery of a sheriff's deputy is not protected conduct under the First Amendment, Plaintiff fails to allege the necessary elements to establish retaliation and this claim is subject to dismissal.

## V. CONCLUSION

For the foregoing reasons, portions of the FAC are subject to dismissal. Because it is not absolutely clear that the FAC's deficiencies cannot be cured by amendment, dismissal is with leave to amend. Accordingly, if Plaintiff desires to pursue his claims, he must file a Second Amended Complaint ("SAC") within thirty-five (35) days of the date of this Order, remedying the deficiencies discussed above.[2] The SAC should bear the docket number assigned in this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to the prior complaints or any other pleading, attachment, or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.

**Plaintiff is admonished that if he fails to timely file an SAC, this action may be dismissed with prejudice for failure to diligently prosecute and for the reasons discussed in this Order.**

Date: July 11, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[2] Alternatively, Plaintiff may elect to file an SAC that is limited to his § 1983 failure-to-protect claim against Park in his individual capacity. The Court will likely order service of such a complaint.