# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 19-00673-SVW (DFM) | Date: | March 13, 2020 |
|---|---|---|---|
| Title | Joseph Townsend v. Frank Park et al | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re: Service

On August 29, 2019, this Court filed an order directing service of process on defendants by the United States Marshal. See Dkt. 12. On October 16, 2019, a USM-285 Process Receipt and Return form was filed by the United States Marshal regarding efforts to serve defendant Garcia. See Dkt. 15. The deputy marshal who signed the form indicated that the Los Angeles Sheriff's Department does not have an employee by the name of Frank Park. See id.

The Court accordingly authorized Plaintiff to issue limited discovery on the Los Angeles Sheriff's Department to determine the identity of the deputy he identified as Frank Park or the last known address of any former deputy named Frank Prank. See Dkt. 17. The Court required Plaintiff to file a copy of any discovery with the Court. See id. Plaintiff has not filed any discovery with the Court.

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under 28 U.S.C. § 1915 and Rule 4. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990); accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995)). However, when advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [he] has knowledge." Puett, 912 F.2d at 274–275 (quoting and citing with approval Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.1987)). If service cannot be accomplished

due to the pro se plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal may be appropriate. See Walker, 14 F.3d at 1421-22 (holding that a prisoner failed to show cause why his claims against a prison official should not be dismissed under Rule 4(m) where the prisoner failed to show "that he provided the marshal with sufficient information to serve [the defendant]"); see also Puett, 912 F.2d at 276 (vacating dismissal under Rule 4(m) and remanding for proper service by the U.S. Marshal where the record revealed that the lack of timely service "was certainly not due to [the plaintiff's] neglect" because "[h]e conscientiously took numerous steps to ensure that the defendants would be served").

It is Plaintiff's burden to provide sufficient information to enable the U.S. Marshal to serve defendant Park. Plaintiff has not done so, despite being notified of the defective service when he was served with a copy of the unexecuted process return in October 2019. He has not requested an extension of time to serve defendant Garcia or taken any other steps to address or remedy this service defect. Accordingly, the Court ORDERS Plaintiff to show cause in writing by March 24, 2020, why this Court should not recommend that this action be dismissed without prejudice as to defendant Park for failure to make timely service under Rule 4(m). **Further, Plaintiff is expressly warned that if he fails to file a timely response to this Order, the Court will recommend dismissal of this action for lack of prosecution.**